

## NUMBER 13-10-00415-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**$1,669 IN UNITED STATES CURRENCY,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

**On appeal from the 170th District Court
of McLennan County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela
Memorandum Opinion Per Curiam**

This Court received appellant's notice of appeal on August 9, 2010. On August 9, 2010, the Clerk of this Court notified appellant that the notice of appeal failed to comply with Texas Rule of Appellate Procedure 25.1(d)(2) and (e). *See* TEX. R. APP. P. 25.1(d)(2), (e). The Clerk directed appellant to file an amended notice of appeal with the district clerk's office within 30 days from the date of that notice. On November 1, 2010,

the Clerk sent a notice to appellant that the defects had not been corrected and warned appellant that the appeal would be dismissed if the defects were not cured within ten days. The notice was sent to appellant's last known address at the McLennan County Jail; however, the notice was returned because the addressee is "not at this address." The Court contacted the McLennan County Jail in an attempt to obtain a forwarding address, but was informed that a forwarding address is not available.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any." *See* TEX. R. APP. P. 9.1(b). Appellant has neither provided this Court with a forwarding address or taken any other action to prosecute this appeal.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* 2. Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant during the period of inactivity, we suspend Rule 42.3's requirement of ten days' notice to all parties, and dismiss the appeal on our own motion. *See id.* 42.3(b), (c).

PER CURIAM

Delivered and filed the
13th day of January, 2011.

2